# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

BARRY W. RAYNER                                                          PETITIONER

v.

CIVIL ACTION NO. 3:09-CV-817-H

RICKY PARNELL, JAILER,
FULTON CO. DETENTION CTR., et al.                            RESPONDENTS

CIVIL ACTION NO. 3:09-CV-522-H

DANNY FACKLER, DIRECTOR,
BULLITT CO. DETENTION CTR.                                 RESPONDENT

CIVIL ACTION NO. 3:09-CV-489-H

MARK E. BOLTON, DIRECTOR,
LOUISVILLE METRO DEP'T OF CORR.                        RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court for preliminary review of three *pro se* petitions filed by Barry Wayne Rayner, under 28 U.S.C. § 2241. See Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. following § 2254. For reasons set forth below, the court will dismiss the petitions.

### I.

In January, 2008, Rayner was arrested on multiple charges related to a string of burglaries (approximately forty) committed in four counties over a period of forty-one days. Rayner initially faced charges in Jefferson County, Kentucky and began his confinement in the Louisville Metro Department of Corrections ("LMDC"). Rayner represented himself, at first, but after a mistrial in May, 2008, the public defender's office began defending Rayner, over his objection. In point of fact, Rayner claims the state has caused him injury during his pretrial

detention by declaring a mistrial, denying him the right to represent himself, denying him sufficient access to legal materials, denying or ignoring various pretrial motions, holding him in contempt of court, and failing to transport him to court for scheduled hearings at various times.[1]

On July 13, 2009, Rayner filed a civil rights complaint in this court, civil action no. 3:09-CV-488-M, against numerous state officials, including judges, prosecutors, and jail officials, on the same allegations that the state was forcing him to be represented by the public defender's office and denying him access to court proceedings and legal materials. On March 10, 2010, this court dismissed the complaint for failure to state a claim.

In addition to filing the civil rights complaint, on July 13, 2009, Rayner filed the first of three § 2241 petitions, civil action 3:09-CV-00489-H. In the petition, Rayner states he is scheduled for trial on July 30, 2009, in the circuit court of Bullitt County, and complains that the LMDC officials have denied him adequate access to law materials in preparation for his *pro se* defense. Rayner requests immediate release from custody in the LMDC and a declaration of his right to prepare a defense and access certain legal materials. In an amended petition, Rayner further alleges he is detained in the Bullitt County jail and, as a result, has missed five court dates in Jefferson County. Rayner also complains he has been forced to participate in settlement negotiations under the supervision of Judge Steve Mershon.[2]

On July 23, 2009, ten days after filing the first § 2241 petition, Rayner filed another petition seeking relief under § 2241, civil action 3:09-CV-00522-H. In this petition, Rayner alleges he is confined in the Bullitt County jail and, again, being denied access to legal materials.

---

[1] Pet. 489 ¶¶ 20-21; Pet. 817 ¶¶ 10-21.

[2] Am. Pet. 489 ¶¶ 13-14.

Rayner also complains he is being coerced by Judge Mershon and others into accepting a "global" plea deal. Specifically, Rayner alleges he "is given a very short time limit to accept deals, and encouraged to take the deals by Judge Mershon, and then warned of the consequences of not taking plea deals."[3] Rayner alleges he is being denied competent counsel from the public defender's office and reasonable access to law books, witnesses and research materials to prepare his own defense. Rayner requests declaratory relief in addition to immediate release from custody.

Within weeks of filing these § 2241 petitions, Rayner pleaded guilty to charges, not specified in these pleadings, in the circuit courts of Jefferson County and Spencer County, on August 7, 2009 and August 14, 2009.[4] Rayner was sentenced in Jefferson Circuit Court to seven years' imprisonment.

On October 9, 2009, Rayner filed the third petition under § 2241, civil action 3:09-CV-00817-H, and incorporated by reference the allegations in the first two petitions. In the third petition, Rayner claims that the conditions of confinement in Fulton County are intolerable and violate his right against cruel and unusual punishment. Rayner also repeats the claim that his plea deal is coerced. Rayner further complains he is being denied reasonable access to legal materials which are necessary in preparation of his *pro se* defense of the remaining criminal charges in Oldham and Bullitt Counties. After pleading guilty, Rayner anticipated he would be transferred to a state penal institution, where he would have access to a law library. However, Rayner remained for a time in the Bullitt County jail, pending criminal charges there, and was

---

[3]Pet. 522 ¶ 16.

[4]Pet. 817 ¶¶ 32-33, 37.

then transferred to the Fulton County jail. Rayner alleges the transfer was designed to interfere with his ability to pursue his federal civil rights complaint and other legal remedies to attack his prosecution and coerced plea bargain.[5] Rayner requests declaratory relief as well as immediate release from custody. As a final matter, Rayner requests such relief against any subsequent custodian if he is transferred to another penal institution.

## II.

The district court must liberally construe the allegations in a light most favorable to the petitioner and accept all factual allegations as true. *See Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004); *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). Moreover, the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, although the district court has no duty to conjure up unpled allegations. *See Martin*, 391 F.3d at 710; *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## III.

Rayner has styled and pleaded the petition under the general habeas statute, § 2241. Habeas corpus jurisdiction extends to prisoners' claims that challenge the legal basis of the confinement but does not extend to claims concerning the conditions of confinement. § 2241(c)(3); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release ... ." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). On the other hand, conditions of confinement, including medical claims, and the denial of access to court and

---

[5] Pet. 817 ¶ 26.

4

legal materials are allegations which sound in tort or civil rights law and must be pleaded under 42 U.S.C. § 1983. *See e.g., Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Each petition includes numerous allegations that jail conditions are intolerable or that Rayner is being denied access to court or legal materials. The court lacks habeas jurisdiction over such claims and will therefore dismiss them without prejudice.

The remaining allegations in the third petition challenges Rayner's pretrial detention in LMDC, Bullitt County, and Fulton County. The overarching theme in these petitions is Rayner's request to be assigned to a state penal institution where he might avail himself of better legal resources. Rayner's time on the waiting list for such an assignment has apparently transpired and he has filed a notice of change of address in these pleadings. Rayner is presently confined in the Roederer Correctional Complex.[6] In actions for declaratory or injunctive relief, a change in circumstances typically renders the equitable claim moot and subject to dismissal for want of subject matter jurisdiction. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Thus, to the extent Rayner challenges the basis of his pretrial detention in the LMDC, the Bullitt County jail, and the Fulton County jail, the petitions are now moot.

In the third § 2241 petition, Rayner includes the claim that his guilty plea was coerced. Rayner states he was concerned that if he did not accept the plea deal, he would be denied due process, lose his mind, and face a lengthy sentence. A challenge to the validity of a guilty plea is the sort of claim which challenges the basis or the validity of confinement and is governed by

---

[6]Pet. 817 ¶ 62.

§ 2254. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003).

In sum, Rayner's allegations that conditions in the jails of Fulton County, Bullitt County and Jefferson County violate his constitutional rights and that the court should enter declaratory and injunctive relief are now moot. To the extent Rayner intends to challenge the conditions of his current confinement, Rayner must seek relief in a separate civil action under § 1983. If Rayner believes there are grounds to challenge the validity of a guilty plea, he must seek relief in a petition under § 2254.

The Court will enter separate orders dismissing the petitions.

### IV. CERTIFICATE OF APPEALABILITY

Before filing an appeal of the denial of a habeas corpus petition, the petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). This Court concludes no reasonable jurist could find debatable the conclusion that the Court lacks habeas jurisdiction over these claims or that they are otherwise moot. Therefore, the Court will deny a certificate of appealability.

DATE:

Copies to the petitioner, *pro se*
4412.007